FILED
FEB - 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tracy Jenson, )
 )
    Petitioner, )
 )
v. ) Civil Action No. 17-2640 (UNA)
 )
Michael Huerta, )
 )
    Respondent. )

## MEMORANDUM OPINION

Petitioner Tracy Jenson, appearing *pro se*, seeks a writ of mandamus to compel action by the head of the Federal Aviation Administration ("FAA"). He also seeks leave to proceed *in forma pauperis* ("IFP"). The Court will grant petitioner's IFP motion, deny the petition for a writ of mandamus, and dismiss the action.

A writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Mandamus actions are reserved for "extraordinary situations." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal quotation marks omitted). Mandamus relief is warranted where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations and internal quotation marks omitted). The "word 'duty' in § 1361 must be narrowly defined, and [the] legal grounds supporting the government's duty to [petitioner] must 'be clear and compelling.' " *In re Cheney*, 406 F.3d at 729 (citations omitted). The petitioner bears the burden of showing that his right to the writ is "clear and indisputable." *Id.*

Petitioner is a former air traffic controller who has "been in a legal battle with the FAA

1

for 17 years over a pay issue due to the incorrect distribution of $200 million" in pay raises. Pet. at 1 (parenthesis and capitalization omitted); *see Jenson v. Huerta*, 828 F. Supp. 2d 174, 177, 183 (D.D.C. 2011) (dismissing plaintiff's three consolidated lawsuits "arising out of the same facts against the United States [as] barred by the doctrine of claim preclusion"). Petitioner surmises that he is among the one percent of air traffic controllers "cheated out of an average of $7,000 per year," Pet. at 2, but he has had no success in litigating the underlying pay dispute. *See Brodowy v. United States*, 482 F.3d 1370, 1374-75 (Fed. Cir. 2007) (concluding that the plaintiffs, Jenson included, "were not entitled to the benefits of the two-step increase in pay received by controllers who transferred at a time when the [General Schedule] system was in effect for all the facilities"); *Jenson*, 828 F. Supp. 2d at 181 (noting that *Brodowy* and petitioner's current consolidated cases "clearly arise out of the same pay dispute" and that the "Federal Circuit's decision was final and made on the merits"). In view of the Federal Circuit's decision, the Court concludes that petitioner cannot meet the standard for mandamus relief. As a result, his petition for a writ of mandamus must be denied.[1]

Date: February 1, 2018
United States District Judge

---

[1] A separate order of dismissal accompanies this Memorandum Opinion.